**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

USDC DNJ
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 22, 2020

| | |
|---|---|
| IN RE: COURT OPERATIONS UNDER THE : <br> EXIGENT CIRCUMSTANCES CREATED : <br> BY COVID-19, SUPERSESSION OF STANDING : <br> ORDERS 2020-02, 2020-03, 2020-04 and 2020-09 : | **STANDING ORDER 2020-12** |

     **WHEREAS**, on March 13, 2020, the President of the United States declared a National Emergency in response to the coronavirus (COVID-19) pandemic;

     **WHEREAS**, in response to the spread of COVID-19, on March 9, 2020, the Governor of the State of New Jersey declared a State of Emergency of indefinite duration and a Public Health Emergency, which the Governor has extended through at least June 5, 2020;

     **WHEREAS**, the Centers for Disease Control and Prevention (CDC) and other public health authorities have advised taking precautions to reduce the possibility of exposure to COVID-19 and to slow the spread of the disease; and

     **WHEREAS**, in response to government policy, CDC guidelines and public health advancements, the United States District Court for the District of New Jersey ("Court") has adopted the District of New Jersey COVID-19 Recovery Guidelines ("Recovery Guidelines"), providing for a phased approach to reconstituting operations; and

     **WHEREAS**, the Recovery Guidelines provide that during Phase One, which will not begin before June 1, 2020 and is currently of undetermined duration, six-foot social distancing shall be maintained, and all proceedings shall continue to be held by video and teleconference, except for grand jury proceedings, which shall be held in person;

     **WHEREAS**, jury selection in this District frequently involves large jury venire pools, along with many individuals required to travel extensively; and

     **WHEREAS**, circumstances regarding school closures and possibly, limited summer camp experiences, will increase the impact on parents summoned for jury service; and

     **WHEREAS**, the current limitations on reasonably available COVID-19 testing increase the uncertainty of the health status of summoned jurors and others; and

     **WHEREAS**, as a public institution committed to the sound administration of equal justice under law, this Court must take reasonable and prudent actions to further that mission;

     **NOW, THEREFORE**, in order to further public health and safety, the health and safety of Court personnel, counsel, litigants, other case participants, jurors, security personnel and the general public, and in order to reduce the number of gatherings necessarily attendant to trial jury

selection in all vicinages of this Court, and in order to minimize travel by participants in Court proceedings (particularly travel by public conveyance), the Court issues the following Order:

    1.    The Court ORDERS that this Standing Order supersedes Standing Orders 2020-02, 2020-03, 2020-04 and 2020-09.

    2.    Through prior Standing Orders, the Court previously continued all civil and criminal jury selections and jury trials before any district or magistrate judge in any courthouse in the District of New Jersey, during the period of March 16, 2020 through May 31, 2020. The Court now ORDERS that all civil and criminal jury selections and jury trials shall be continued to August 31, 2020. The Court may issue further Orders concerning future general continuances of any matters as may be deemed necessary and appropriate. All jury selections and trials impacted by this Order will be reset by further Order of the assigned judicial officer.

    3.    Regarding criminal matters, the Court recognizes the trial, procedural and substantive rights of criminal litigants and particularly, their right to a speedy and public trial under the Sixth Amendment (and the particular application of that right in cases involving defendants who are detained pending trial). However, the Court also recognizes the compelling public health and safety issues outlined in this Standing Order, and therefore, finds that the ends of justice served by taking such action materially outweigh the best interests of the public and the parties in a speedy trial. Accordingly, the Court ORDERS that the time period of March 16, 2020 through August 31, 2020 shall be "excluded time" under the Speedy Trial Act. Specifically, such exclusion is necessary to assure that in cases going to trial, there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice. Such exclusion of time is also necessary in cases not yet set for trial in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients (including those detained in locales and facilities under a declared state of emergency), and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein. The Court may by further Order extend the period of exclusion as circumstances may warrant, and the assigned judicial officer may, by Order, also do so in connection with any specific proceeding.

    4.    Specifically, regarding criminal cases commenced by complaint, the Court previously continued the 30-day period established by 18 U.S.C. § 3161(b), during which the United States must either obtain an indictment or file an information. Through prior Standing Orders, such continuances were granted for the period of March 16, 2020 through May 31, 2020. The Court now ORDERS that the 30-day period in 18 U.S.C. § 3161(b) is continued through August 31, 2020. Again, recognizing the public health and safety issues stated herein, the Court determines that the ends of justice served by granting such a continuance outweigh the best interest of the public and each defendant in a speedy indictment and a speedy trial in a criminal case. Accordingly, the Court also ORDERS that the time period of March 16, 2020 through August 31, 2020 shall be "excluded time" in all criminal proceedings in this District under the Speedy Trial Act, including those proceedings commenced by complaint. The Court further ORDERS that such continuance shall also apply to any time limits established by the Interstate Agreement on Detainers, 18 U.S.C. app. 2, § 2 (art. III).

5. Through prior Standing Orders, the Court prohibited the empanelment of new grand juries during the period of March 16, 2020 to May 31, 2020. The Court now ORDERS that no new grand juries shall be empaneled until further order of the Court. Sitting grand juries in each vicinage of the Court are authorized to continue to meet.

6. The Court ORDERS that the provisions in its prior Standing Orders that, all filing and discovery deadlines in civil matters that fell between March 25, 2020 and April 30, 2020 were extended by forty-five (45), and those that fell between May 1, 2020 and May 31, 2020 were extended by thirty (30) days, remain in effect, unless a presiding judge in an individual case directs otherwise. This Order affords no further extensions of filing and discovery deadlines. This extension does not apply to any scheduled dates of conferences, which are controlled by the presiding judge.

7. The Court further ORDERS that all deadlines set by Federal or Local Rules or Court Orders, including, but not limited to, scheduling orders in all civil cases, remain in effect unless modified by this Standing Order, further Order of the Court or by Order of the assigned judicial officer. Any dispute over whether discovery can be effectively accomplished in a manner consistent with applicable health guidelines may be referred to the Magistrate Judge for resolution. Judicial officers may apply the principles of flexibility and accommodation to reasonable requests for filing or scheduling adjustments necessitated by reasonable and fact-based travel, health or safety concerns, or advice or directives of public health officials.

8. The Court ORDERS that aside from ordering a jury trial, individual judges presiding over civil and criminal proceedings may take such actions consistent with this Order and the Recovery Guidelines as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the substantial rights of the parties.

9. Consistent with the Court's prior Standing Order, the Court ORDERS that the requirement in criminal matters of providing courtesy copies of electronic filings to the Court is suspended in all cases, until further Order of the Court.

10. Through prior Standing Orders, the Court previously continued all Central Violations Bureau (CVB) proceedings between March 16, 2020 and May 31, 2020, pending further Order of the Court. The Court now ORDERS that all CVB proceedings shall be continued until August 19, 2020, pending further Order of the Court.

11. The Court ORDERS that this Standing Order does not affect the Court's Standing Order 2020-06, as amended ("In Re: Video Conferencing and Teleconferencing for Criminal Proceedings Under the CARES Act") or Standing Order 2020-07 ("In Re: Expanded Use of Electronic Signatures Due to the Exigent Circumstances Created by COVID-19"), which remain in full force and effect, until further order of the Court.

12. The Court also ORDERS that this Standing Order does not toll or extend any applicable statutes of limitations.

      13.  The Court ORDERS that any litigant may seek such relief from this Order that he/she deems necessary due to emergent circumstances.

      14.  The Court further ORDERS that additional Orders addressing Court Operations Under the Exigent Circumstances Created by COVID-19 shall be entered as warranted, and that this Standing Order will expire no later than August 31, 2020, unless extended by further Order of the Court.

DATED:  May 22, 2020

*/s/ Freda L. Wolfson*
Hon. Freda L. Wolfson
U.S. Chief District Judge
District of New Jersey