

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, 7th floor          973-645-2700
Newark, New Jersey 07102

EKL/ABF/PL AGR
2013R00448

April 13, 2022

Lawrence S. Lustberg, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102

      Re:   Plea Agreement with FRED DAIBES

Dear Mr. Lustberg:

      This letter sets forth the plea agreement between your client, FRED DAIBES, and the United States Attorney for the District of New Jersey ("the Office"). The government's offer to enter into this plea agreement will expire on April 18, 2022, if it is not accepted in writing by that date.

## Charge

      Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from FRED DAIBES to Count 7 of the Indictment in Criminal No. 18-655 (SDW), charging him with making false entries in connection with the Mariner's Bank loan memorandum dated on or about June 11, 2008, for the $1.8 Million Nominee Loan, in violation of 18 U.S.C. § 1005.

      If FRED DAIBES enters a guilty plea and is sentenced to a term of probation on this charge (the "Stipulated Sentence"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against FRED DAIBES for conspiring with others to obtain nominee loans, and for obtaining nominee loans, from Mariner's Bank from in or about 2008 to in or about 2013. In addition, if FRED DAIBES fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 1 through 6 and Counts 8 through 14 of the Indictment in Criminal No. 18-cr-655 (SDW) against FRED DAIBES. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, FRED DAIBES agrees that any

dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by FRED DAIBES may be commenced against him, notwithstanding the expiration of the limitations period after FRED DAIBES signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentence or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

### Sentencing

The violation of 18 U.S.C. § 1005 to which FRED DAIBES agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on FRED DAIBES, the sentencing judge: (1) will order FRED DAIBES to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order FRED DAIBES, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (3) pursuant to 18 U.S.C. § 3583, may require FRED DAIBES to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should FRED DAIBES be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, FRED DAIBES may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and FRED DAIBES agree that a sentence to a term of probation, which is the Stipulated Sentence, is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence FRED DAIBES to a term of probation, which is the Stipulated Sentence. If however, the sentencing judge

rejects this plea agreement and the Stipulated Sentence, FRED DAIBES has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on FRED DAIBES by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of FRED DAIBES's activities and relevant conduct with respect to this case.

### Stipulations

This Office and FRED DAIBES agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby are made a part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or FRED DAIBES from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

This Office and FRED DAIBES agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. FRED DAIBES further agrees that, in exchange for the concessions the United States made in entering into this Rule

11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence. But this waiver does not apply to:

1. Any proceeding to revoke the term of supervised release.

2. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

3. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

<u>Immigration Consequences</u>

FRED DAIBES understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. FRED DAIBES understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. FRED DAIBES wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. FRED DAIBES understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, FRED DAIBES waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so. This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against him. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude him from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that FRED DAIBES received constitutionally ineffective assistance of counsel.

Very truly yours,

VIKAS KHANNA
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

By: ELAINE K. LOU
ARI B. FONTECCHIO
Assistant U.S. Attorneys

APPROVED:

*Ronnell L. Wilson*

RONNELL L. WILSON
Chief, Special Prosecutions Division

- 5 -

I have received this letter from my attorney, Lawrence S. Lustberg, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 4/14/22
FRED DAIBES

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 4/19/22
LAWRENCE S. LUSTBERG, ESQ.
Counsel for Defendant

Plea Agreement With FRED DAIBES

Schedule A

1. This Office and FRED DAIBES ("DAIBES") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and DAIBES nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

3. The applicable guideline regarding is U.S.S.G. § 2B1.1(a)(1), which specifies a base offense level of 7.

4. DAIBES derived more than $1,000,000 in gross receipts from a financial institution as a result of the offense. Accordingly, there is an automatic increase of 18 levels to offense level 25. U.S.S.G. §§ 2B1.1(b)(16)(A) and (D).

5. As of the date of this letter, DAIBES has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if DAIBES's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, DAIBES has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in DAIBES's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) DAIBES enters a plea pursuant to this agreement, (b) this Office in its discretion determines that DAIBES's acceptance of responsibility has continued through the date of sentencing and DAIBES therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) DAIBES's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to DAIBES is 22 (the "agreed total Guidelines offense level").

8. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of probation for the charge alleged in Count 7 of the Indictment in Criminal No. 18-655 (SDW) is reasonable under 18 U.S.C. § 3553(a), and neither party will argue for a sentence other than for a term of probation. Furthermore, should

- 7 -

the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior the entry of the plea.