

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

October 25, 2023

**VIA ECF AND E-MAIL**

The Honorable Susan D. Wigenton
U.S. District Judge
Martin Luther King, Jr. Federal Building
& United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re: United States v. Fred Daibes
      Crim. No. 18-655 (SDW)

Dear Judge Wigenton:

  The Government writes to address the potential conflict of interest presented by defendant Fred Daibes's continued representation in this case by Lawrence S. Lustberg, Esq., and Anne Collart, Esq., of Gibbons P.C.

  On September 22, 2023, the United States District Court for the Southern District of New York unsealed an indictment against Daibes and several other individuals. See United States v. Robert Menendez, et al., 23-cr-490 (SHS), ECF No. 1. That indictment alleges in part that: (1) Daibes and others conspired to corruptly influence his prosecution in this case; and (2) Mr. Lustberg knows certain facts allegedly relevant to those charges.[1] Mr. Lustberg and Ms. Collart represent Daibes's co-defendant, Wael Hana, in the Menendez matter.[2] Because of the

---

  [1] On October 12, 2023, a superseding indictment was filed. Menendez, ECF No. 65.

  [2] On October 18, 2023, the Honorable Sidney H. Stein, U.S. District Judge for the Southern District of New York, conducted a conflict waiver hearing and accepted Mr. Hana's waiver of any potential conflict caused by Mr. Lustberg's and

1

potential conflict of interest presented by counsel's concurrent representation of Daibes here and Hana in SDNY, the Government requests that the Court advise Daibes of the potential conflict, determine whether a knowing and voluntary waiver will sufficiently protect his rights, and, if appropriate, secure a waiver.

I.   LEGAL ANALYSIS

The Sixth Amendment guarantees effective assistance of counsel, which includes two corollary rights: the right to adequate representation by an attorney of reasonable competence and the right to the undivided loyalty of the attorney, free from conflicts of interest. Virgin Islands v. Zepp, 748 F.2d 125, 131 (3d Cir. 1984); see Strickland v. Washington, 466 U.S. 668 (1984); Cuyler v. Sullivan, 446 U.S. 335, 343-345 (1980). Conflicts of interest generally arise in two situations: first, where the attorney represents multiple defendants whose interests are adverse to each other; and second, where the "personal interests of counsel . . . [are] 'inconsistent, diverse or otherwise discordant' with those of his client [.]" Zepp, 748 F.3d at 135.[3]

---

Ms. Collart's continued representation of him in the Menendez matter and of Daibes in this matter. See Menendez, ECF. Nos. 52 (government request for a Curcio hearing), 71 (proposed Curcio colloquy).

[3] New Jersey Rule of Professional Conduct 1.7, which applies in this case through Local Rule 103.1, states in pertinent part as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . .
>
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
>> (1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation . . .; [and]
>>
>> (2) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client . . . .

Where a potential conflict of interest is brought to the attention of the court, "adequate steps" must be taken to protect a criminal defendant's constitutional rights. Holloway v. Arkansas, 435 U.S. 475, 484-85 (1978). To perform its duty, the court must make an inquiry into the potential conflict of interest. Wood v. Georgia, 450 U.S. 261, 273 n.18 (1981) (noting that Supreme Court case law "mandates a reversal when the trial court has failed to make an inquiry even though it 'knows or reasonably should know that a particular conflict exists.' "); Glasser v. United States, 315 U.S. 60, 71 (1942). As the Third Circuit held in Zepp:

> Normally, the trial court should conduct an evidentiary hearing or factual inquiry to determine whether disqualification is appropriate and should inquire into the nature of the conflict and the client's awareness of the conflict. The court should also determine whether there has been a waiver of the conflict, whether the waiver was effective or whether a waiver was possible.

748 F.2d at 139.

If the court finds a potential conflict of interest, the conflicted attorney may continue in the representation of the client only if the defendant waives the right to an attorney "unhindered by a conflict of interests." Holloway, 435 U.S. at 483, n.5. To determine the sufficiency of the waiver, the court should elicit a narrative response from the defendant to establish that he has been advised of his right to effective representation; that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict; that he has discussed the matter with his attorney (or, if he wishes, with outside counsel); and that he voluntarily waives his Sixth Amendment protections. United States v. Curcio, 680 F.2d 881, 889 (2d Cir. 1982). The determination as to whether a waiver is sufficient remains with the court, which maintains "substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." Wheat v. United States, 486 U.S. 153, 163 (1988).

Moreover, the court has an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160. Thus, the court should not allow participation by a defense attorney who suffers from a potential conflict of interest. United States v. Gonzalez-Lopez, 548 U.S. 140, 151-52 (2006). Indeed, the Supreme Court has held that:

3

> [W]hen a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform with the ABA Code of Professional Responsibility, the court should not be required to tolerate an inadequate representation of a defendant. Such representation not only constitutes a breach of professional ethics and invites disrespect for the integrity of the court, but it is also detrimental to the independent interest of the trial judge to be free from future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court and the subtle problems implicating the defendant's comprehension of the waiver.

Wheat, 486 U.S. at 162 (quoting United States v. Dolan, 570 F.2d 1177, 1184 (3d Cir. 1978)). Moreover, even in cases involving retained, rather than appointed counsel, "the potential for serious conflicts is a consideration of judicial administration that can outweigh a defendant's right to counsel of choice." United States v. Voigt, 89 F.3d 1050, 1075 (3d Cir. 1996). Thus, a defendant does not have an absolute right to counsel of his choosing. Wheat, 486 U.S. at 159-60 (Sixth Amendment guarantees effective representation, not representation of choice).

The Government respectfully requests that the Court advise Daibes of the potential conflict of interest raised by counsel's continued representation of him in this matter and of Hana in the Menendez matter.

## II. WAIVER OF POTENTIAL CONFLICT

If the Court ultimately permits counsel to remain as Daibes's counsel, to ensure the integrity of the record and protect Daibes's constitutional rights, the Government proposes that the Court conduct the following proceedings:

1) The Court make an initial inquiry informing Daibes:

   a) of the facts giving rise to a potential conflict of interest;

   b) that the Court will furnish independent counsel to advise him of the potential conflict if needed; and

   c) that the Court will provide him with sufficient time to consider the conflict of interest and its potential effect on the present case.

2)       Should Daibes proceed with Mr. Lustberg and Ms. Collart as his attorneys, the Court will hold a subsequent conference to obtain a knowing and voluntary waiver of the conflict.

3)       At both the initial inquiry and the subsequent conference, the United States respectfully requests that the Court make specific findings of fact on the record as a result of conducting these two proceedings. Proposed questions for both proceedings are attached as Schedule A.

\* \* \*

The Government believes that these procedures will satisfy the Court's duty to protect the interests of the parties through the mandated inquiry into the potential conflict of interest and the securing, if Daibes so chooses, of a valid waiver of that conflict.[4]

Thank you for your attention to this matter.

                                        Respectfully submitted,

                                        VIKAS KHANNA
                                        Attorney for the United States
                                        Acting Under Authority Conferred by
                                        28 U.S.C. § 515

                       By:    s/ *Elaine K. Lou*
                                        ELAINE K. LOU
                                        ARI B. FONTECCHIO
                                        Assistant U.S. Attorneys

cc:    All counsel of record (via ECF)

---

[4] The Court can also take further steps to ensure the integrity of the record and protect Daibes's rights. For example, the Court could consider requiring Daibes to obtain co-counsel now. That way, if Daibes does not waive the potential conflict following the conferences, and the Gibbons firm can no longer represent Daibes, co-counsel could continue to represent him without needing a continuance.

## SCHEDULE A

## First Proceeding

I. <u>Introductory Questions</u>

    1. How old are you?

    2. How far did you go in school?

    3. Do you currently consult a doctor for any condition?

    4. Are you currently under the influence of alcohol or drugs of any kind?

II. <u>Circumstances of Representation</u>

    1. Are you currently represented by Lawrence Lustberg and Anne Collart of Gibbons P.C.?

    2. You retained them to represent you in connection with an indictment filed against you in New Jersey federal court charging you with conspiracy to misapply bank funds and make false entries to deceive a bank and the Federal Deposit Insurance Corporation ("FDIC"), contrary to 18 U.S.C. §§ 656 and 1005, in violation of 18 U.S.C. § 371, misapplication of bank funds, in violation of 18 U.S.C. §§ 656 and 2, making false entries to deceive a bank and the FDIC, in violation of 18 U.S.C. §§ 1005 and 2, and causing reliance on a false document to influence the FDIC, in violation of 18 U.S.C. §§ 1007 and 2?

    3. Are you satisfied with Mr. Lustberg's and Ms. Collart's representation of you in this case up to this point?

III. <u>Potential Conflicts of Interest</u>

    1. Are you aware that, in another legal matter pending in U.S. District Court for the Southern District of New York, in which you are also a defendant, Mr. Lustberg and Ms. Collart currently represent Wael Hana, your co-defendant in that case?

    2. And are you also aware that Mr. Lustberg is alleged to have personal information regarding certain facts relevant to the pending charges in that case and therefore may be a potential witness in that case?

      3.     Do you understand that, if you choose to move forward with Mr. Lustberg and Ms. Collart as your attorneys in this case despite being aware of this information, you are waiving subsequent claims that you were not adequately represented by Mr. Lustberg and Ms. Collart given their representation of Mr. Hana in the New York case and Mr. Lustberg's alleged personal knowledge of certain facts relevant to the pending charges in that case?

      4.     Just so the Court is satisfied that you understand what the potential conflicts of interest are in this case, I would like you to describe in your own words what your understanding of the potential conflicts of interest may be in this situation.

IV.     <u>Right to Conflict-Free Representation</u>

      1.     Do you understand that, in every criminal case, including this one, the defendant is entitled to the assistance of counsel whose loyalty to him or her is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his or her client's interests?

      2.     Have you received any inducements, promises, or threats with regard to the choice of counsel in this case?

      3.     Have you discussed with Mr. Lustberg and Ms. Collart the potential conflicts of interest?

      4.     Have you consulted with counsel other than Mr. Lustberg and Ms. Collart about the hazards of the potential conflicts of interest?

      5.     Do you understand that you have a right to consult with a lawyer other than Mr. Lustberg and Ms. Collart to determine whether you would like for them to continue to represent you?

      6.     Do you understand that the Court will give you an opportunity to do so, and that the Court encourages you to do so?

      7.     Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about these conflict-of-interest issues and/or to represent you?

8.  Is there anything that the Court has said that you wish to have explained further?

9.  The Court will give you an opportunity to think about what you have been told, and to talk it over with counsel other than Mr. Lustberg or Ms. Collart if you so wish. After you have thought it over, the Court will ask whether you have considered the matters that the Court has talked to you about, either with or without an attorney. Then the Court will ask whether you wish to continue with Mr. Lustberg and Ms. Collart as your attorneys.

10. Do you need court-appointed counsel for the purpose of consulting with you about these conflict of interest issues?

11. Is anything unclear?

## Second Proceeding

1.  Have you had enough time to consider the matters discussed with you the last time you were here?

2.  Have you taken the time to discuss with another attorney the matters the Court discussed with you the last time you were here?

3.  What is the name of the attorney with whom you spoke?

4.  Do you have any questions about the matters the Court raised with you the last time you were here?

5.  Have you considered the way in which Mr. Lustberg's and Ms. Collart's current legal representation of Wael Hana may affect their representation of you in this matter?

6.  Have you considered the way in which Mr. Lustberg's alleged personal knowledge of certain facts relevant to the pending charges in the New York case may affect his representation of you in this matter?

7.  Do you still wish to proceed in this case with Mr. Lustberg and Ms. Collart as your attorney?

8.  Would you like some more time to think about these matters?

9.     Do you understand that you are waiving your right to legal representation free from conflicts of interest?

10.    Are you waiving this right voluntarily?

11.    Are you waiving this right knowingly?

12.    Do you understand that by waiving any potential conflict of interest in this case, you will not be permitted in the future to come back and argue to this Court or any other court that you did not understand the potential conflict of interest in your case and that you did not knowingly and voluntarily waive that conflict of interest?