UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Susan D. Wigenton |
| vs. | Criminal No. 18-655 (SDW) |
| | ORDER FOR CONTINUANCE |
| FRED DAIBES | |

This matter having come before the Court on the joint application of the United States, by Vikas Khanna, Attorney for the United States, Acting under Authority Conferred by 28 U.S.C. § 515 (by Elaine K. Lou and Ari B. Fontecchio, Assistant U.S. Attorneys), and Defendant Fred Daibes (by Lawrence Lustberg, Esq.), for an order granting a continuance of the proceedings in the above-captioned matter from the date this Order is signed through and including January 31, 2024, to permit the parties to conduct discussions regarding next steps, including potential resolutions other than trial, and to permit counsel the reasonable time necessary for effective preparation in this matter; and nine prior continuances having been granted; and exclusions of time from the Speedy Trial Act were ordered for the period of March 16, 2020, through and including June 1, 2021, due to the COVID-19 pandemic pursuant to the Fourth Extension of Standing Order 2020-12 ("Standing Order 2021-04") and Standing Order 2020-12 referenced therein, and for the period of December 29, 2021, through and including January 31, 2022, due to the COVID-19 pandemic, pursuant to the Standing Order 2021-11, for the reasons referenced therein; and the Defendant being aware that he has the right to

have this matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to 18 U.S.C. § 3161(c)(1); and the Defendant having consented to such continuance and having waived such right; and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case is an unusual or complex case within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), in light of the volume of discovery and the number of anticipated witnesses at trial, such that it is unreasonable to expect adequate preparation for trial within 70 days.

2. The discovery in this case is voluminous, consisting of, among other things, thousands of pages of bank records, loan files, and search warrant returns, and additional time is necessary to ensure that, taking into account the exercise of diligence, defense counsel have sufficient time to review and inspect discovery, further investigate the charges, and effectively prepare the matter for trial.

3. Exclusions of time from the Speedy Trial Act were ordered for the period of March 16, 2020 through and including June 1, 2021, due to the COVID-19 pandemic pursuant to the Fourth Extension of Standing Order 2020-12 ("Standing Order 2021-04") and Standing Order 2020-12 referenced therein, and for the period of December 29, 2021, through and including January 31, 2022, due to the COVID-19 pandemic, pursuant to the Standing Order 2021-11, for the reasons referenced therein.

4.      Defendant has consented to the grant of a continuance.

5.      Discussions regarding next steps, including potential resolutions other than trial, are anticipated, and the parties desire additional time to have those discussions, the results of which could render any trial of this matter unnecessary.

6.      As a result of the foregoing, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii) and (iv), the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS, therefore, on this __15th__ day of December, 2023,

ORDERED that this action be, and hereby is, continued until December 31, 2023; and it is further

ORDERED that the period from the date of this order through January 31, 2024, be and it hereby is excluded in computing time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*; and it is further

[CONTINUED ON NEXT PAGE]

ORDERED that nothing in this Order or the application prompting it is a finding or representation that less than 71 non-excludable days under § 3161(h) have expired.

_____
Honorable Susan D. Wigenton
United States District Judge

Consented to as to form and entry:

_____
ELAINE K. LOU
ARI B. FONTECCHIO
Assistant U.S. Attorneys

_____
LAWRENCE LUSTBERG, ESQ.
Counsel for Defendant Fred Daibes